

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Adam R. Johnson
Executive Director
State Department of Public Welfare
Austin, Texas

Dear Sir:

>                    Opinion No. O-1389-A
>                    Re: Supplementing construction of
>                        Old Age Assistance Division
>                        of State Department of Public
>                        Welfare appropriation, S. B.
>                        No. 427, Acts 46th Legisla-
>                        ture, Regular Session

We have heretofore rendered our opinion answering in part the questions submitted to this department in your letter of September 6, 1939. That part of your first question relating to additional administrative expenditures exclusive of hiring additional employees and your third question were reserved for further consideration. Such questions read as follows:

> "1. Is the State Department of Public Welfare authorized by provisions of Senate Bill No. 427, Acts 46th Legislature, Regular Session, to make expenditures for administrative expenses, including salaries and maintenance and miscellaneous expenses, in excess of those particular items that are specifically enumerated in the said Senate Bill No. 427?

> "3. Should the amount of monies that are authorized and appropriated to be expended by the Department of Public Welfare for administrative expenses for the Division of Old Age Assistance be determined each month and expenditures in any amount be limited to one-twelfth of the total appropriations for the Division of Old Age Assistance for a fiscal year, or is the Department authorized

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

to use its discretion in determining the amount
of administrative expenses that should be incur-
red from time to time, so long as the total ad-
ministrative expenses does not exceed the amounts
allowed to be expended for administrative pur-
poses for the biennium ending August 31, 1941?"

With reference to your first question, we expressed
the opinion that under certain conditions and limitations the
Department of Public Welfare may hire employees in addition to
those itemized in the Departmental Appropriation Bill for the
Old Age Assistance Division, and pay them out of State funds.

S. B. No. 427 directs the payment of the itemized
appropriations as follows:

"(To be paid out of Texas Old Age Assistance
Fund, as transferred to the State Department of
Public Welfare Fund by S. B. No. 36, Acts, 46th
Legislature, Regular Session.)"

These itemizations are set up as follows:

| | "For the Years Ending | |
| | August 31 1940 | August 31 1941 |
|---|---|---|
| "Administrative Salaries | | |
| "1. Executive Director. . . . . . . . . | $5,000.00 | $5,000.00 |
| * * * | | |
| 55. Porter . . . . . . . . . . . . . . . | 720.00 | 720.00 |
| Total, Administrative Salaries . . . . . . . . . . . | $626,790.00 | $626,790.00 |
| "Maintenance and Miscellaneous | | |
| "1. Office Rent . . . . . . . . . . . . . | $11,200.00 | $11,200.00 |
| * * * | | |
| 11. Contingent Expense . . . . . . . . . | 5,000.00 | 5,000.00 |
| Total, Maintenance and Miscellaneous . . . . . . . . . . | $127,220.00 | $127,220.00 |
| "Grand Total, Administrative. . . . | $754,010.00 | $754,010.00" |

Then follows the rider, which provides, in part, as follows:

"All income to the Texas Old Age Assistance Fund, as transferred to the State Department of Public Welfare Fund by S. B. No. 36, Acts, 46th Legislature, Regular Session, together with any balances on hand at the end of a prior fiscal year, is hereby appropriated for each of fiscal years ending August 31, 1940 and August 31, 1941, to the State Department of Public Welfare for old age assistance and for salaries, equipment, supplies, travel, maintenance and contingent expenses necessary in the extension of said old age assistance and in administering all the duties required of said Department by the Old Age Assistance Laws, and for payment of interest-bearing warrants or State Treasury Certificates exchanged therefor, together with interest thereon, outstanding on August 31, 1939 that were issued against the Texas Old Age Assistance Fund under the provisions of H. B. No. 37, Acts of the 44th Legislature, 3rd C. S., and under the provisions of H. B. 179, Acts of the 46th Legislature, Regular Session, in accordance with schedule of payments as authorized and directed in H. B. No. 179 and H. B. No. 1046, Acts, Regular Session, 46th Legislature, and in accordance with appropriations made for payment of such warrants or certificates in H. B. 179 and H. B. No. 1046, Acts, Regular Session, 46th Legislature; provided, that for the administration of the Old Age Assistance Laws the administrative expenses out of State funds for the biennium shall never exceed five per cent (5%) of the total amount expended for assistance out of all funds, State and Federal. Provided, further, that in addition to this appropriation out of State funds for administrative expenses for the biennium, the Department is authorized to accept from the Federal Social Security Board any funds that may be allocated by said Board to the Department for administrative expenses, and said Department can use

such Federal funds allocated for administrative
expenses in addition to funds appropriated for
those purposes out of State funds. Provided,
further, that aid and assistance shall be grant-
ed and extended in the manner provided by law.
In the event the above total itemized appro-
priations out of State funds for administration
are less than five per cent (5%) of the total
expenditures for assistance out of all funds,
State and Federal, and a necessity therefor
exists, the Department is authorized to hire
additional employees; provided in all events
the total expenditures out of State funds for
administration shall not exceed five per cent
(5%) of the total expenditures for assistance
out of all funds, State and Federal, and that
no additional employees used shall be paid
larger salaries than are above fixed for em-
ployees rendering similar services; provided,
that this appropriation out of the Old Age
Assistance Fund, as transferred to the State
Department of Public Welfare Fund by S. B. No.
36, Acts, 46th Legislature, Regular Session,
shall be in effect during the biennium ending
August 31, 1941. . . ."

A general rider at the end of the Appropriation Bill
provides as follows:

"(b) The appropriations herein provided
are to be construed as the maximum sums to be
appropriated to and for the several purposes
named herein, and the amounts are intended to
cover and shall cover the entire cost of the
respective items and the same shall not be
supplemented from any other source; and, except
as otherwise provided, no other expenditures
shall be made, nor shall any other obligations
be incurred by any department of this State,
provided however that nothing herein shall pre-
vent any department head from paying less than
the maximum amount set forth herein for any
salaried positions."

This rider, as ruled in our opinion No. O-1321, Conference Opinion No. 3082, addressed to Honorable W. Lee O'Daniel, is subject to qualification by more specific provisions appearing in riders to the appropriations for particular departments.

It will be noted that it is directed that the itemized appropriations are to be paid out of the Texas Old Age Assistance Fund, while the Old Age Assistance rider quoted above appropriates "all income to" and "balances on hand" in the fund "for old age assistance and for salaries, equipment, supplies, travel, maintenance, and c ntingent expenses necessary in the extension of said old age assistance and in administering all the duties required of said Department by the Old Age Assistance Laws." The appropriation of the balances on hand at the beginning of the biennium and income to the fund is tantamount to an appropriation of the fund itself, but it does not follow that the itemizations are mere surplusage or recommendations to the Board. The language does not purport to appropriate all balances or excess moneys in the fund over and above the itemizations or after deducting the itemizations, for additional administrative expenses; on the other hand, it appropriates the fund for old age assistance benefits and for administrative expenses which are set out in greater detail in the bill. It is a reiteration that all expenses of administration shall be paid from this fund. The limiting proviso which reads:

"... provided, that for the administration of the Old Age Assistance Laws the administrative expenses out of State funds for the biennium shall never exceed five per cent (5%) of the total amount expended for assistance out of all funds, State and Federal,"

is not an appropriation of the excess up to five per cent over and above the itemizations but is a limiting provision in accordance with the general law, the office of which is to confine and not to enlarge. The itemized expenses are available to the department only insofar as they do not exceed five per cent of the total amount expended for assistance.

The only affirmative grant of authority to expend more than itemized for administrative expenses out of State funds is found in the following language:

"In the event the above total itemized appropriations out or State funds for administration are less than five per cent (5%) of the total expenditures for assistance out of all funds, State and Federal, and a necessity therefor exists, the Department is authorized to hire additional employees; provided, in all events the total expenditures out of State funds for administration shall not exceed five per cent (5%) of the total expenditures for assistance out of all funds, State and Federal, and that no additional employees used shall be paid larger salaries than are above fixed for employees rendering similar services; . . ."

This provision on its face does not extend beyond the hiring of additional employees which we held could be employed in opinion No. O-1389. The appropriation for the Old Age Assistance Commission for the biennium 1937-39, Acts, 1937, 45th Legislature, Regular Session, p. 1446 provided as follows:

"In the event the above total itemized appropriations for administration are less than five per cent (5%) of the total expenditures for old age assistance and a necessity therefor exists, the Commission is authorized to hire additional employees and pay additional administrative expenses;"

There is a very material difference between that bill and the one now under consideration, and we cannot presume that the Legislature intended to do a meaningless or futile act in omitting the words "and pay additional administrative expenses" from the current appropriation bill.

There being no express authorization to make additional expenditures out of State funds for administrative expenses other than for salaries for additional employees, it is our opinion that expenditures for maintenance and miscellaneous expenses in excess of those itemized in the Departmental Appropriation Bill cannot be made out of State funds.

We think it should be pointed out that what we have said concerning the expenditure of State funds does not necessarily apply to moneys allocated by the Federal Government

for administrative expenses. This rider represents a departure from prior appropriations and makes a distinct and seperate treatment of State and Federal Funds.

The following provision is significant:

"Provided, further, that in addition to this appropriation out of State funds for administrative expenses for the biennium, the Department is authorized to accept from the Federal Social Security Board any funds that may be allocated by said Board to the Department for administrative expenses, and said Department can use such Federal funds allocated for administrative expenses in addition to funds appropriated for those purposes out of State funds."

The other provisos herein above discussed limit to five per cent "the administrative expenses out of State funds." And in granting authority to hire additional employees the bill reads: "In the event the above total itemized appropriations out of State funds for administration are less than five per cent (5%) . . ."

Manifestly, the itemized appropriation in S. B. No. 427 is an appropriation out of State funds. The bill so states in more than one instance. It may be that all of the appropriation out of such funds cannot be realized because of the five per cent limiting provision but that would not change the character of the appropriation.

In addition to the State money appropriated, the Department is authorized to use such Federal funds as may be allocated for administrative expenses, which it is stated, is "in addition to funds appropriated for those purposes out of State funds." No specific detailed direction is given for the use of Federal allocations except that it be used for administration. If no additional specifications are attached by proper Federal authority then the particular manner in which it is devoted to administration would rest with the Department of Public Welfare. Unless Federal funds may be used to supplement the appropriation out of State funds, then it is a direction to use such money with a limitation that

it cannot be spent for any purpose. The provision that it can be used in addition to the appropriation out of State funds contemplates that it is supplemental thereto, and in controlling over the general rider at the end of the bill.

Section 6, Acts, 44th Legislature, Second Called Session, House Bill No. 26, Chapter 472, p. 1845, provides, in part, as follows:

"The expenses of administering this Act shall never exceed five (5%) per cent of the total amount of State funds expended for Old Age Assistance; . . ."

House Bill No. 5, 3rd Called Session, 44th Legislature, Article 2, Section 6, provides, in part as follows:

The expenses of administering this Act shall never exceed five (5%) per cent of the total amount expended for Old Age Assistance; . . . ."

Soon after enactment of House Bill No. 26, 44th Legislature, Second Called Session, the question arose as to whether the limiting provisions quoted above had reference to the administrative expenses over the entire period of the appropriation or whether the limitation was such that at no time could administrative expenses exceed five per cent of the total amount already expended or distributed for Old Age Assistance. The question was submitted to this Department for an opinion and on January 16, 1936, in a letter opinion directed to Honorable Orville S. Carpenter written by Fred C. Varner, Jr., it was held that the limitation did not refer to a month to month or time to time basis but was intended to be a limitation upon the total amount expended for administrative expense during the entire biennium. It was stated in said opinion that:

"From the very nature of the Texas Old Age Assistance Commission as created and the powers and duties placed on it by the law, when effective, and the purposes for which the law was passed it was evident that the Legislature contemplated that the expenses of the administration would be larger at the inception than at any other time. It could not

have contemplated in the writer's opinion that restrictions were to be placed on the expenses that might be incurred in organizing and setting up the machinery to start administering the Act with such expenses necessarily relative and determine it in amount only on the number of applications that would be made for assistance.

"And too, such expenses of administration that will be necessarily incurred are of such a kind from the very nature of the organization that it would be inconceivable that the Legislature intended that at all times from month to month or other intervals the expense should never exceed for the interval taken, five per cent of the amount expended for assistance. If the Commission performs the duties placed on it by this law relatively the expenses will be larger during the first month of operation than at any time after the bulk of applications have been received and acted upon it by the Commission.

"Clearly, therefore, the Legislature intended in the opinion of the writer that the determination of the ratio of expenses to the amount expended for assistance should be made and considered only over the whole period from the effective date of the bill to September 1, 1937, and over no shorter period. The appropriation was made for the payment of the assistance and the expenses incurred in administering the act for that period of time. Certainly it would be sufficient compliance with the provisions of the Act if the expenses over that period did not exceed five per cent of the amount expended for aid and assistance irregardless of what per cent they reached comparatively for any particular portion of that period. Any other construction would materially retard and hinder the administration of the Act for the accomplishment of the result contemplated by the Legislature in the writer's opinion."

This question was again presented to the Department, and in Conference Opinion No. 2983, Attorney General's Reports 1934-36, page 140, dated April 17, 1936, addressed to the Honorable Geo. H. Sheppard, Comptroller of Public Accounts, it was held that the limitation contained in the Act confining the expenses of administering the same to five per cent, applied to the biennium covered by the appropriation. It was further held that the responsibility for curtailing expenditures so as to come within the clear mandate of Section 6 of H. B. 26 rested upon the Old Age Assistance Commission and the Director thereof and not upon the State Comptroller of Public Accounts. In this opinion the letter opinion referred to above was reviewed in conference and the portion copied above was adopted as the conference opinion of this Department. The conclusion was that:

"Our answer to your first inquiry is that the Comptroller's Department is authorized to issue warrants in an amount equal to five per cent of the sum expended for aid and assistance, that sum to be determined as of September, 1, 1937. The said sum must of necessity remain until that time an approximation."

The special rider to the Texas Old Age Assistance Commission Appropriation, 44th Legislature, Regular Session p. 1446, provides, in part, as follows:

"Provided in accordnace with said laws, that the administretive expenses for any year shall never exceed five per cent of the total amount expended for Old Age Assistance.

Thus it will be seen from this provision that the Legislature apparently has construed the Act as not necessarily being a limitation from month to month but in this instance it is provided that it shall not for any year exceed five per cent.

The limitation in the rider for the current biennium provides that:

"Provided that for the administration of the Old Age Assistance Laws the administrative expenses

out of State funds for the biennium shall never
exceed five per cent of the total amount expended
for assistance out of all funds, State and Federal."

It is also provided that:

". . .provided in all events the total expen-
ditures out of State funds for administration shall
not exceed five per cent of the total expenditures
for assistance out of all funds, State and Federal,. . ."

We think the limiting provisions of the general law
and the subsequent appropriation bills are susceptible to the
construction placed thereon by this Department in its two
former opinions hereinabove referred to, and the apparent con-
struction by the 45th Legislature in the rider to the Texas Old
Age Assistance Commission Division of the 1937 Departmental
Appropriation Bill. If for the period designated in the appro-
priation bill, expenditures for administration out of State
funds do not exceed five per cent, then it may be reasonably
said that the provisions of the general law have not been vio-
lated and we find no sufficient reason for departing from the
former rulings of this Department.

Answering your questions more specifically:

It is our opinion that in the event the itemized
appropriations for the Division of Old Age Assistance are
in excess of five per cent of the total amount expended for
assistance they cannot be paid out of State funds to the
extent of such excess. If the itemizations are less than five
per cent and a necessity therefor exists the surplus amount
up to five per cent may be used to hire additional employees,
but may not be used to supplement maintenance and miscellaneous
items.

Federal funds allocated to the Board for administra-
tive expenses may be used to pay administrative expenses in
excess of those itemized in the appropriation bill out of State
funds, including maintenance and miscellaneous items, in the
absence of appropriate limitations by the proper Federal Author-
ities.

The question is not before us, and we do not pass
upon the question of whether Federal funds may be used to pay
larger salaries than those designated for the Department in
Senate Bill No. 427.

In answer to your third question, it is our opinion that the Department of Public Welfare, Old Age Assistance Division, is authorized to use its discretion in determining the amount of administrative expenses that should be expended from time to time out of State funds so long as the total authorized administrative expenses out of State funds do not exceed the total amount allowed to be expended for administrative purposes for the biennium ending August 31, 1941, (being the five per cent limitation), subject, however, to the general rider appearing at the end of the Appropriation Bill, which provides:

"It is further provided that, during any three month period, no department can expend more than one-fourth (¼) of the appropriation made herein for: (a) traveling expenses, (b) contingent expenses, (e) telephone and telegraph, (d) postage, provided that any unexpended balances from preceding quarters may be expended during subsequent quarters."

With reference to Federal funds, the Department may use its discretion in determining the amount of administrative expenditures that may be made from time to time out of moneys allocated and received from the Federal Government for that purpose.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      /s/
                    Cecil C. Cammack
                    Assistant

CCC:GO
CCC:pm

APPROVED OCT 3, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

O.K.
G.R.R.

APPROVED
Opinion
Committee
By BWB
Chairman